# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JIMMY L. TAYLOR,                           )
                                            )
      Plaintiff,                     )
                                            )
v.                                          )    Case No.   CV419-236
                                            )
BRIAN P. KEMP, et al.,                      )
                                            )
      Defendants.                    )

## ORDER

Proceeding *pro* se, Jimmy L. Taylor has filed a case for violations of his Constitutional rights against a number of public officials, entities, and agencies.   Doc. 1.   He also moves for leave to proceed *in forma pauperis* ("IFP").   Doc. 2.   Because more financial information is needed, Plaintiff is **DIRECTED** to supplement his IFP request.

In his application to proceed IFP, plaintiff stated that he receives social security, but fails to identify the amount received. Doc. 2 at 1. His answer to the amount of money he has in cash, or in a checking or savings account is unreadable.   *Id.* at 2.   These answers are deficient at best. Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no

financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar.19, 2013).[2]

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n. 1 (S.D. Ga. May 14, 2014).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at *1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]

Plaintiff's application for IFP status omits material details. He therefore must disclose[4] the following information within 14 days from the date of

---

[3] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id*., doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

[4] Three important points must be underscored here:

First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *see also Lee v. McDonald's Corp*., 231 F.3d 456, 458 (8th Cir.2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

this Order:

(1)     The value of the income he received in social security payments.

(2)     What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(3)     Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(4)     Whether he possesses a cellular telephone and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5)     Whether he has any credit or debit cards;

---

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

*Lafontaine* also extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at *2; *see also Kelner v. Harvin*, 2010 WL 2817262 at *1 n. 5 (D. Kan. July 16, 2010) (It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners."). The Court is considering likewise here, since cost-free litigation too easily enables recreational, if not nuisance, litigation. That further necessitates more detailed financial data from the plaintiff.

(6)     Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7)     Whether he anticipates any (within the next year) future income;

(8)     A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Providing this information will better illuminate Plaintiff's true financial condition. In that regard, he must again declare the facts he pleads to be true, and sign his name to that declaration -- under penalty of perjury.[5] If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Plaintiff's convenience. Failure to comply with this directive will result in a recommendation of dismissal on IFP-deficiency

---

[5]     He has done so on his current IFP application. Doc. 2 at 2.

grounds alone. *Kareem v. Home Source Rental*, 2014 WL 24347 at *1

(S.D. Ga. Jan. 2, 2014).

**SO ORDERED** this 30th day of October, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**